{¶ 91} I respectfully dissent from the majority opinion in regards to the disposition of Appellant's second assignment of error, but concur in all other respects. Accordingly, I would affirm Appellant's conviction on all counts as found by the jury.
 {¶ 92} In regards to the second assignment of error, I would find the trial court properly overruled Appellant's motion for acquittal on the charge of theft in office under R.C. 2921.41. The record demonstrates that there was sufficient evidence, which if believed, could cause a reasonable jury to have found that the Appellant, while serving as a public official, committed a theft offense involving property or services owned by the City of Shelby. See R.C. 2921.41(A)(2).
 {¶ 93} The predicate theft offense in this case was unauthorized use of computer or telecommunication property. See R.C. 2913.04 and 2913.01
(K)(1). The majority correctly determined the trial court properly overruled Appellant's motion for acquittal in regards to this offense. However, the majority then finds the same evidence is insufficient to support the theft in office charge because "there was no evidence presented that his job performance suffered or that he failed to perform his job duties." By doing so, the majority has written an additional element into the theft in office charge that does not exist.
 {¶ 94} The evidence demonstrates Appellant spent over 100 hours of his paid work time over a five month period in which he solicited prostitution, uploaded nude photos of himself and perused pornographic websites on a city-owned computer, internet and email system. Viewing the evidence most favorably to the prosecution, I *Page 21 
would agree the trial court correctly overruled the motion for acquittal and sent this charge to the jury. *Page 22 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part, reversed in part and Appellant's conviction and sentence on the charge of theft in office are vacated
Costs assessed to Appellant and Appellee equally.